IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of | Chapter 7 |
| Arthur Friedman<br>　　　　Debtor. | Case No. 12 B 40168 |
| American Eagle Bank<br>　　　　Plaintiff. | Adv. No. 13 A 01199 |
| v.<br>Arthur Friedman,<br>　　　　Defendant. | JUDGE Jack B. Schmetterer |

## NOTICE OF MOTION

TO:

| | |
|---|---|
| Arthur Friedman<br>1840 Central<br>Northbrook, IL 60062-5006<br>via mail | Neil P. Gantz<br>105 W. Madison St.<br>Chicago, IL 60602<br>via mail & electronic notification |
| Patrick S. Layng<br>Office of the U.S. Trustee, Region 11<br>219 South Dearborn Street, Room 873<br>Chicago, IL 60604-2027<br>via mail | Karen R. Goodman<br>Shefsky & Froelich Ltd.<br>111 East Wacker Drive, Suite 2800<br>Chicago, IL 60601<br>via mail |

　　　　PLEASE TAKE NOTICE that on October 15, 2015 at 10:00 a.m., or as soon thereafter as Counsel may be heard, we shall appear before the Honorable Jack B. Schmetterer, Bankruptcy Judge, at 219 South Dearborn Street, Courtroom #682, Chicago, Illinois, and then and there present the attached Motion for Summary Judgment, a copy of which is hereby served upon you.

## PROOF OF SERVICE

　　　　I, the undersigned attorney, certify that I served a copy of this Notice with Motion attached (along with the Statement of Material Facts and Memorandum of Law), upon the parties as listed above, via electronic notification that occurs automatically upon the filing of said Notice. That the motion was filed before the hour of 5:00 P.M. on the 1st day of October, 2015.

Christopher H. Purcell　　　　　　　BY: ___/s/ Christopher H. Purcell_____
Sherman & Purcell LLP　　　　　　　　　　Attorney for American Eagle Bank
120 South LaSalle Street
Chicago, IL 60603

0

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of | Chapter 7 |
|    Arthur Friedman | Case No. 12 B 40168 |
|         Debtor. | |
|    American Eagle Bank | Adv. No. 13 A 01199 |
|         Plaintiff. | |
|       v. | JUDGE  Jack B. Schmetterer |
|    Arthur Friedman, | |
|         Defendant. | |

## **MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff American Eagle Bank, by and through its undersigned counsel, moving this court, in accordance F.R. Bankr. P 7056 and LR 7056-1, for summary judgment against Defendant Leon Bilis, as to Count IV Denial of Discharge pursuant to 11 U.S.C §727(a)(2), (a)(4), (a)(5) and (a)(7) and incorporates the contemporaneously filed 1) memorandum of Law and 2) Statement of Material Facts.

                                                    RESPECTFULLY SUBMITTED

                                                    BY: ___/s/ Christopher H. Purcell_____
                                                      Attorney for American Eagle Bank

Christopher H. Purcell
SHERMAN & PURCELL LLP
120 South La Salle Street
Chicago, Illinois 60603
Attorney for AMERICAN EAGLE BANK

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of<br><br>   Arthur Friedman<br>               Debtor.<br>_____<br>   American Eagle Bank<br>               Plaintiff.<br>         v.<br>   Arthur Friedman,<br>               Defendant. | Chapter 7<br><br>Case No. 12 B 40168<br><br><br>Adv. No. 13 A 01199<br><br>JUDGE Jack B. Schmetterer |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

Now comes the Plaintiff American Eagle Bank, by and through its undersigned counsel, and in support of its Motion for Summary Judgment submits the following memorandum of law.

**I.    INTRODUCTION**

This motion for summary judgment is limited to Count IV of the adversary and that count arises from an undisclosed settlement from a lawsuit where Arthur Friedman was a party to the lawsuit. See Statement of Material Facts (SMF) at page 4, #15. Arthur Friedman has admitted to being a named respondent and was to be paid pursuant to the settlement. See SMF page 4, #17. Arthur Friedman admitted the funds were paid to him after Prestige Leasing, Inc. closed down in 2011. See SMF page 5, #21-22. Arthur Friedman admitted the funds were paid at his direction via wire transfer in 2012 and 2013. See SMF page 5, #23-24.

Arthur Friedman admitted he had funds deposited pre and post filing. See SMF page 5, #27. Arthur Friedman admits he spent those funds. See SMF page 5, #25. Arthur Friedman admitted he did not schedule any accounts receivable on Schedule B. See SMF page 5, #28. The Defendant nor did they disclose any income after 2010 in the statement of financial affairs. See

2

SMF page 5, #29.  Furthermore Arthur Friedman admitted his statement of financial affairs provided there was no other income other than from employment or operation of business in the 2 years preceding the commencement of the case and the statement of financial affairs failed to list the lawsuit and settlement.  See SMF page 6, #30-31.

The Defendant admitted that he directed the funds be paid into an account held by his wife.  See SMF page 6, #32.

The Defendant admitted he intentionally failed to disclose the settlement of the lawsuit to hid the settlement from the trustee and creditors.  See SMF page 6, #33.  The Defendant admitted his intent to defraud a creditors by concealing property both during the year before the case was filed and thereafter.  See SMF page 6, #34-35.

The Defendant admitted to spending the funds from the undisclosed settlement both during the year before the case was filed and thereafter.  See SMF page 6-7, #36-37.

## II.    STATEMENT OF FACTS

In accordance with Local Rule 7056-1, the Plaintiff submitted a Statement of Material Facts in conjunction with its Motion for Summary Judgment, this Memorandum of Law, and attached exhibits.  The Plaintiff incorporates the Statement of Material Facts, and all attached exhibits as though it were fully set forth herein.

## III.    STANDARD OF LAW

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable in this court by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v.

3

Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 l.Ed. 2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). In order to avoid trial, the moving party bears the burden of showing that no genuine issue of material fact is in dispute. See *Anderson*, 477 U.S. at256; *Celotex*, 477 U.S. at 322. "To avoid summary judgment . . .the non moving party [is] required to set forth 'specific facts showing that there is a genuine issue for trial,' Fed. R. Civ. P. 56(c), and further [has] to produce more than a scintilla of evidence in support of this position." *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). In order to demonstrate that a real factual dispute exists, the non movant must produce evidence of the dispute rather than relying solely on the allegations or denials in his pleadings. See *Barber v. United States (In re: Barber)*, 236 B.R. 655,659 (Bankr. N.D. Ind. 1998).

**IV.    ARGUMENT**

Summary Judgment is appropriate with respect to the fourth count of the underlying adversary. The issues before this Court on the Motion for Summary Judgment is whether or not all elements of the fourth count of the adversary seeking to Denial of Discharge pursuant to 11 USC Sec. 727(a)(2), (a)(4), (a)(5) and (a)(7) and whether those facts can be demonstrated through the admissions made by defendant through discovery.

It is well settled law that Admissions made under Bankruptcy Rule of Civil Procedure 36, even admissions made under default "can serve as the factual predicate for summary judgment." *U.S. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987), citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545 (5th Cir. 1985); *Donovan v. Carls Drug Co.*, 703 F.2d 650 (2nd Cir.1983). In fact summary judgment is provided for in Rule 56, which states:

4

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, ***and admissions on file***, together with affidavits sow that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c), emphasis added.

The facts "conclusively established" by the Rule 36 admissions "would be lost if parties were allowed to contest under Rule 56 matters concluded under Rule 36. *Kasuboski* at 1350.

It is the burden of the moving party to show that there is no genuine issue of material fact in dispute when moving for Summary Judgment.  Here, the facts, pleadings and admissions together with the affidavits of Plaintiff's witnesses demonstrate no genuine issue of fact in dispute.  General denials by the non moving party would not be enough to overcome this presumption. *In re Felta's Trading Post, Inc.*, 46 Bankr.Ct.Dec.43, 2006 WL 538802 (N.D. Il E.D. 2006) at page 6.

In some instances, a party may withdraw default admission.  Though the defendant has failed to do that as well, it would be impossible for him to do so at this point.  To properly withdraw admissions made by the failure to respond, a defendant would have meet the following conditions set out in the matter of *In re Felta's Trading Post, Inc.*, 46 Bankr.Ct.Dec.43, 2006 WL 538802 (N.D. Il E.D. 2006).  1) the presentation of the merits of the action will be sub-served by the withdrawal; 2) the party who obtained the default admissions fails to satisfy the court that the withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits; and 3) the court in its discretion allows the withdrawal   *Felta* at 2.

In the case before the court, the Requests for Admissions were served on August 4, 2015.  See attached Exhibit A.  Defendant, by and through counsel, has acknowledged receipt of the Discovery.  Clearly, the Requests for Admission were received and the Defendant chose not to respond to the same.  In addition to the Requests for Admission the Defendant has not responded

5

to the Request to Produce nor to a number of Interrogatories. Plaintiff relied on these admissions and has not pursued further discovery as a result and has incurred substantial costs as a result of the failure to respond to the requests for admission. This is the type of prejudice that is contemplated under Federal Rule of Civil Procedure 36(b). See *Matthews v. Homecomings Financial Network*, 2006 WF 20885194 at page 3 (N.D.IL 2006. In the Matthews case, as here, the Defendant missed a deadline by six weeks, not a few days. *Matthews*, at 3. The Matthews court held, "Defendants' inaction has an impact on the Plaintiff's discovery strategy." Id.

The *Matthews* court went one step further, stating:

> Setting aside, for the moment, Defendant's lengthy inaction, the central sticking point for this Court remains Defendants' failure to meet their burden under Rule 36(b)'s withdrawal standard. Defendant's cannot prevail on the first prong on the standard [to withdraw Admissions] since they have neglected to demonstrate how the admissions subserve the merits of the case. . . .And, there are usually very good reasons to allow a party to withdraw admissions and file a tardy response. Unfortunately, Defendant's have not offered this Court any reason for their inaction or even addressed to this Court why the withdrawal of the admissions would service the merits of this case. Rule 36 assesses a penalty for missing a due date – namely, a responding party's silence will be construed as an admission. See Kasuboski, 834 F.2d at 1350 (recognizing the potentially harsh result of this rule and its necessity.

*Matthews* at 4.

At at no time has the defendant requested additional time or other relief from the Admissions made under Rule 56. The requests for admission were due by August 4, 2015 and the failure to respond was not a few days, the delay was substantial.

The Admissions include facts regarding the intentions of the Defendant and the actions taken by the defendant which directly caused a loss to the Plaintiff. The Admissions go to the heart of the matter at hand, which is why Plaintiff found that its options were better served with a motion for summary judgment than with a lengthy trial to prove the admissions Defendant has already made.

6

Through the admissions and therefore the statement of material facts as presented with this motion for summary judgment, it is clear that all the elements of the fourth count of the adversary seeking Denial of Discharge pursuant to 11 USC Sec. 727(a)(2), (a)(4), (a)(5) and (a)(7) have been proven and warrants judgment in favor of Plaintiff and against Defendant. The specific counts are further stated below.

## Fourth Count of the Adversary
## Denial of Discharge – 11 U.S.C. § 727(a)(2)

The Defendant admitted that there was an undisclosed settlement from a lawsuit where Arthur Friedman was a party to the lawsuit. See Statement of Material Facts (SMF) at page 4, #15. Arthur Friedman has admitted to being a named respondent and was to be paid pursuant to the settlement. See SMF page 4, #17.

Arthur Friedman admitted the funds were paid at his direction via wire transfer in 2012 and 2013. See SMF page 5, #23-24.

Arthur Friedman admitted he had funds deposited pre and post filing. See SMF page 5, # 27. Arthur Friedman admits he spent those funds. See SMF page 5, #25. Arthur Friedman admitted he did not schedule any accounts receivable on Schedule B. See SMF page 5, #28. The Defendant nor did they disclose any income after 2010 in the statement of financial affairs. See SMF page 5, #29. Furthermore Arthur Friedman admitted his statement of financial affairs provided there was no other income other than from employment or operation of business in the 2 years preceding the commencement of the case and the statement of financial affairs failed to list the lawsuit and settlement. See SMF page 6, #30-31.

The Defendant admitted that he directed the funds be paid into an account held by his wife. See SMF page 6, #32.

The Defendant admitted he intentionally failed to disclose the settlement of the lawsuit to hid the settlement from the trustee and creditors. See SMF page 6, #33. The Defendant admitted

7

his intent to defraud a creditors by concealing property both during the year before the case was filed and thereafter. See SMF page 6, #34-35.

The Defendant admitted to spending the funds from the undisclosed settlement both during the year before the case was filed and thereafter. See SMF page 6-7, #36-37.

The Defendant, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor, within one year before the date of the filing of the petition. The defendant is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(2)(A).

The Defendant, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of the filing of the petition. The defendant is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(2)(B).

## **Fourth Count of the Adversary**
## **Denial of Discharge – 11 U.S.C. § 727(a)(4)**

The Defendant admitted that there was an undisclosed settlement from a lawsuit where Arthur Friedman was a party to the lawsuit. See Statement of Material Facts (SMF) at page 4, #15. Arthur Friedman has admitted to being a named respondent and was to be paid pursuant to the settlement. See SMF page 4, #17.

Arthur Friedman admitted the funds were paid at his direction via wire transfer in 2012 and 2013. See SMF page 5, #23-24.

Arthur Friedman admitted he had funds deposited pre and post filing. See SMF page 5, #27. Arthur Friedman admits he spent those funds. See SMF page 5, #25. Arthur Friedman admitted he did not schedule any accounts receivable on Schedule B. See SMF page 5, #28. The

8

Defendant nor did they disclose any income after 2010 in the statement of financial affairs. See SMF page 5, #29. Furthermore Arthur Friedman admitted his statement of financial affairs provided there was no other income other than from employment or operation of business in the 2 years preceding the commencement of the case and the statement of financial affairs failed to list the lawsuit and settlement. See SMF page 6, #30-31.

The Defendant admitted that he directed the funds be paid into an account held by his wife. See SMF page 6, #32.

The Defendant admitted he intentionally failed to disclose the settlement of the lawsuit to hid the settlement from the trustee and creditors. See SMF page 6, #33. The Defendant admitted his intent to defraud a creditors by concealing property both during the year before the case was filed and thereafter. See SMF page 6, #34-35.

The Defendant admitted to spending the funds from the undisclosed settlement both during the year before the case was filed and thereafter. See SMF page 6-7, #36-37.

The Defendant knowingly and fraudulently, in or in connection with the case made a false oath or account. The Defendant knowingly and fraudulently, in or in connection with the case, used a false claim by and through the schedules that were filed that failed to list this asset. The Debtor then received money, property or advantage for acting or forbearing to act and withheld from an officer of the estate entitled to possession under this title, recorded information relating to the debtor's property or financial affairs. The defendant is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(4).

### Fourth Count of the Adversary
### Denial of Discharge – 11 U.S.C. § 727(a)(5)

The Defendant admitted that he directed the funds be paid into an account held by his wife.  See SMF page 6, #32.  The Defendant admitted he intentionally failed to disclose the settlement of the lawsuit to hid the settlement from the trustee and creditors.  See SMF page 6, #33.  The Defendant admitted his intent to defraud a creditors by concealing property both during the year before the case was filed and thereafter.  See SMF page 6, #34-35.  The Defendant admitted to spending the funds from the undisclosed settlement both during the year before the case was filed and thereafter.  See SMF page 6-7, #36-37.

The explanation that the defendant did not schedule the asset, directed the payments into his wife's account and spent the asset is a failure of the Defendant to explain satisfactorily, before determination of denial of discharge, the loss of assets to meet the debtors liabilities and the Defendant is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(5).

### Fourth Count of the Adversary
### Denial of Discharge – 11 U.S.C. § 727(a)(7)

The Defendant admitted that he directed the funds be paid into an account held by his wife.  See SMF page 6, #32.  The Defendant admitted he intentionally failed to disclose the settlement of the lawsuit to hid the settlement from the trustee and creditors.  See SMF page 6, #33.  The Defendant admitted his intent to defraud a creditors by concealing property both during the year before the case was filed and thereafter.  See SMF page 6, #34-35.  The Defendant admitted to spending the funds from the undisclosed settlement both during the year before the case was filed and thereafter.  See SMF page 6-7, #36-37.

The Defendants wife is an insider as defined by 11 U.S.C. §101 (31)(A) and the debtor has committed the aforementioned acts on or within one year before the date of the filing of the

10

petition or during the case, concerning transfers of funds to his wife who is an insider. The Defendant is not entitled to a discharge pursuant to 11 U.S.C. §727(a)(7).

### III.  CONCLUSION

Defendant failed to timely respond to Requests to Admissions which were timely and properly served. The Defendant has admitted to failing to schedule the settlement which is clearly an asset of the estate. The Defendant has admitted to intentionally directing the payments from the settlement into his wife's account and spending the money. The defendant this money both before the case was filed and afterwards. The Debtor has admitted it was done with the intention to conceal the funds and to defraud creditors. Plaintiff urges this court to hold that the default admissions are admissions of the necessary weight for the purposes of the motion and to grant Summary Judgment in favor of Plaintiff and against Defendant under 11 USC § 523(a)(2), 11 USC § 523(a)(6), and / or 11 USC § 727(a)(3) and 727 (a)(5),

WHEREFORE, AMERICAN EAGLE BANK prays that this Honorable Court enter an Order for Summary Judgment determining that the Defendant shall not receive a discharge pursuant to 11 U.S.C §727(a)(2), (a)(4), (a)(5) and (a)(7), and for such other and further relief as this Court may deem just.

| | |
|---|---|
| Christopher H. Purcell | AMERICAN EAGLE BANK |
| SHERMAN & PURCELL LLP | |
| 120 S. La Salle Street | BY:_____/s/ Christopher H. Purcell_____ |
| Chicago, IL 60603 | One of its Attorneys |
| Phone: (312) 372-1487 | |
| Attorney for AMERICAN EAGLE BANK | |

11